IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| STRATOSAUDIO, INC., *Plaintiff,* <br><br> v. <br><br> VOLVO CARS USA, LLC, *Defendant.* | § § § § § § § § § § | Case No. 6:20-cv-01129-ADA |

### DISCOVERY DISPUTE ORDER

Plaintiff StratosAudio, Inc. ("StratosAudio") and Defendant Volvo Car USA, LLC ("VCUSA") raised the following discovery dispute with the Court by email submission.

### Issue #1

Whether the Court should compel VCUSA to produce documents pending for months and necessary for depositions.

StratosAudio's Position

StratosAudio first served requests for production on September 29, 2021. After five months of conferring, VCUSA has refused to produce key marketing and consumer feedback information. Moreover, its sole deposition witness to date confirmed on February 24 the existence of additional documents responsive to StratosAudio's discovery requests that VCUSA has in its possession, custody, or control but has not produced. StratosAudio has repeatedly demanded production of the following:

- Marketing and advertising documents
- VCUSA's instructions to dealerships related to the accused iTunes tagging and CarPlay features
- Customer feedback about the accused features

After the deposition, StratosAudio asked VCUSA to produce this information, but received no response or additional documents. On March 11—two weeks after the deposition—VCUSA then said it would produce some undisclosed documents, but could not commit to any time frame for doing so. VCUSA should be compelled to produce relevant documents and information sufficiently in advance of the remaining depositions.

**Relief Requested:** An order compelling substantial completion of VCUSA's document production, including the items above, at least one week before the next deposition of any VCUSA witness.

VCUSA's Statement

VCUSA has not refused to produce marketing and consumer feedback information. Plaintiff also has not repeatedly demanded production of VCUSA's instructions to dealerships related to the accused iTunes tagging and CarPlay features. Plaintiff's first raised the issue of these documents in a March 2, 2022 letter. In its March 11 response to that letter, VCUSA indicated that it would investigate whether it has any relevant documents.

During the parties' meet and confer, VoIP-Pal[1] indicated that it would produce any relevant documents that it found in advance of the 30(b)(6) deposition to which they pertain. VCUSA can do so at least one week before any such deposition.

After a reasonable search, VCUSA has determined that it does not have any instructions to dealerships related to the accused iTunes tagging and CarPlay features.

**Relief Requested:** Order that "Plaintiff's requested relief that VCUSA substantially complete its document production at least one week before the next deposition of any VCUSA witness is DENIED."

---

[1] Assumed to be VCUSA or a party working with VCUSA.

**Issue #2**

Whether the Court should compel responses to StratosAudio Interrogatory Nos. 15-22.

StratosAudio's Position

VCUSA refuses to answer interrogatories because it claims improperly that an interrogatory requesting the bases for VCUSA's affirmative defenses consists of one sub-part for each separate defense, collectively exceeding the default limit of 30. VCUSA's most recent responses are attached. VCUSA's baseless position affects the following:

- Interrogatory No. 15: This seeks the factual basis for each VCUSA affirmative defense. After amending its answer to plead 18 defenses (ECF No. 69), VCUSA now claims this interrogatory automatically expanded to include 18 subparts, and refuses to answer as to its 17th and 18th affirmative defenses.

- Interrogatory Nos. 16-22: These interrogatories seek information about how the accused features differ between cars, ownership of those cars, and other topics. VCUSA objected that these exceed the limit of 30 interrogatories, and provided no response at all.

· Customer feedback about the accused features

VCUSA's positions about interrogatories is a baseless excuse for avoiding any response to multiple interrogatories. Moreover, VCUSA served interrogatories that, by the same reasoning, include impermissible numbers of sub-parts, such as those requesting contentions for each asserted patent claim and prior art reference, numbering dozens.

**Relief Requested:** An order compelling VCUSA to withdraw its objections based on numerosity of interrogatories, and immediate responses to those interrogatories.

VCUSA's Statement

Stratos's Interrogatory No. 15, which seeks the factual basis of each of VCUSA's 18 separate and independent affirmative defenses, plainly contains multiple subparts. A subpart is counted as a separate interrogatory if the question could be asked separately from the primary question—that is whether it is logically or factually subsumed within and necessarily related to the primary question. *See Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997). Courts have repeatedly found that an interrogatory that requests information that is necessarily different with respect to each affirmative defense counts as a multiple interrogatories. *Hansen v. Savage Arms Co.*, No. 17-CV-3002-LTS, 2017 U.S. Dist. LEXIS 204937, at *21 (N.D. Iowa Dec. 13, 2017).; *Nguyen v. Lowe's Home Ctrs., LLC*, 15CV1085 H NLS, 2015 U.S. Dist. LEXIS 188923, at *11 (S.D. Cal. Nov. 19, 2015). Interrogatory No. 15 therefore counts as 18 interrogatories and causes the total number of interrogatories that Stratos has propounded to exceed the 30 interrogatory limit under the OGP. Thus, VCUSA does not need to answer subparts 17 and 18 of Interrogatory No. 15 nor Interrogatory Nos. 16-22.

Plaintiff's claim that VCUSA's position is baseless has it backwards. Despite VCUSA's request during the March 15 meet and confer, Stratos has not and cannot provide any authority to support its position.

**Relief Requested:** Order that "Plaintiff's requested relief that VCUSA withdraw its objections based on numerosity of interrogatories, and immediately respond to those interrogatories is DENIED."

## Issue #3

Whether the Court should compel updated responses to StratosAudio Interrogatory Nos. 6-7.

StratosAudio's Position

VCUSA served responses to several interrogatories on October 29, 2021, but has refused to supplement those responses over the past five months. Even now, VCUSA cannot commit to provide updated responses, or even cite corresponding documents. These include:

- Interrogatory Nos. 6-7: These interrogatories seek information about the decision to add the accused features to Volvo cars, and about customer feedback and market surveys. VCUSA's responses improperly invoke Rule 33(d) without identifying any documents: "Under Fed. R. Civ. P. 33(d), Volvo Car will produce non-privileged, non-objectionable, non-cumulative, and otherwise discoverable and relevant documents, to the extent such documents exist . . . ." To date, VCUSA has not supplemented these October 29, 2021 responses, nor produced documents that might answer them

**Relief Requested:** An order compelling VCUSA to supplement its responses to the interrogatories above, including proper identification of produced documents under Rule 33(d).

VCUSA's Statement

VCUSA has not refused to produce marketing and consumer feedback information. Plaintiff also has not repeatedly demanded production of VCUSA's instructions to dealerships related to the accused iTunes tagging and CarPlay features. Plaintiff's first raised the issue of these documents in a March 2, 2022 letter. In its March 11 response to that letter, VCUSA indicated that it would investigate whether it has any relevant documents.

**Relief Requested:** Order that "Plaintiff's requested relief that VCUSA supplement its responses to the Interrogatory Nos. 6 and 7 is DENIED."

## **OPINION**

The Court **GRANTS-IN-PART** and **DENIES-IN-PART** the requested relief as follows.

**Issue #1**: The Court hereby **ORDERS** VCUSA to search for and produce the marketing and advertising documents and customer feedback requested for production at least one week before the next deposition of any VCUSA witness. The parties seem to agree on this issue because "VCUSA can do so at least one week before any such deposition."

Because "VCUSA has determined that it does not have any instructions to dealerships related to the accused iTunes tagging and CarPlay features," the Court **ORDERS** VCUSA to promptly supplement its written discovery responses with its position.

**Issue #2**: Plaintiff's requested relief that VCUSA withdraw its objections based on numerosity of interrogatories, and immediately respond to those interrogatories is **DENIED**. StratosAudio gave the Court no authority to consider in opposition to VCUSA's cases.

**Issue #3**: VCUSA is not refusing to supplement or produce; the only remaining issue is when it should do so. Neither party suggested an appropriate timeline, so the Court will give three weeks. The Court **ORDERS** VCUSA to complete its investigation and supplement its responses to interrogatories 6 and 7 within three weeks of this order.

SIGNED this 21st day of March, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE