IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| STRATOSAUDIO, INC.,<br>    *Plaintiffs,*<br><br>v.<br><br>VOLVO CARS USA, LLC,<br>    *Defendant.* | § § § § § § § § § § | Case No. 6:20-cv-1129-ADA |

## DISCOVERY DISPUTE ORDER

The Court hereby resolves the following discovery dispute submitted by email. The parties dispute whether the following interrogatories contain multiple compound parts. This ruling affects whether Volvo Cars USA, LLC ("VCUSA") must respond to the remaining interrogatories or whether StratosAudio, Inc. has exceeded the default limit for interrogatories.

Interrogatory #12: For each prior art reference, or combination of prior art references, identified by any person at any time as invalidating (either alone or in combination) any Asserted Claim of each patent-in-suit, describe in detail all factual bases why each prior art reference(s) alone or in combination does not invalidate each Asserted Claim of each patent-in-suit, including but not limited to a claim chart, identifying which elements or limitations are not disclosed in the prior art reference(s) and the reason you contend such elements or limitations are not disclosed.

Interrogatory # 20: Describe in detail the assignment history of each patent-in-suit, including but not limited to (a) the rights conveyed in each assignment; (b) the parties involved in each assignment; (c) any rights retained by any assigning party; (d) any preexisting rights held by others at the time of assignment to any party; (e) any security interests held at any point in the patents-in-suit; and (f) whether all security interests held at any point in the patents-in-suit were released.

### Requested Relief

**VCUSA:**

Order that "Plaintiff's request that StratosAudio be compelled to answer VCUSA's Second Set of Interrogatories is GRANTED. StratosAudio shall answer VCUSA's Second Set of Interrogatories withing [sic] seven days of this Order."

**StratosAudio:**

Order that VCUSA's request that StratosAudio be compelled to respond to VCUSA's interrogatory Nos. 14-20 is hereby denied.

### VCUSA's Position

The Court should compel Stratos to answer VCUSA's Second and Third Set of Interrogatories (Nos. 14-21) because Stratos' contention that VCUSA has exceeded the 30 interrogatory limit under the OGP is baseless. *See* Exs. 2-3. Stratos is merely disgruntled that it was unable to obtain the same relief against VCUSA. *See* Dkt. No. 79. The difference, however, is that Stratos' interrogatories contain multiple subparts whereas VCUSA's interrogatories do not. During the parties' meet and confer Stratos identified only VCUSA Interrogatories 12 and 20 that Stratos contends contain multiple subparts. Neither of these interrogatories give Stratos a basis to refuse to answer VCUSA's Second and Third Set of Interrogatories.

Interrogatory 12, which seeks the factual bases for why the prior art known to Stratos does not invalidate the asserted claims, does not contain multiple subparts. *See* Ex. 1 at Rog. 12. A subpart is counted as a separate interrogatory if the question could be asked separately from the primary question—that is whether it is logically or factually subsumed within and necessarily related to the primary question. *See Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997). Numerous courts have held that contention interrogatories directed to multiple patents

and multiple claims covering similar technology, such as Interrogatory 12, count as a single interrogatory. *See, e.g., simplehuman, LLC v. iTouchless Housewares & Prods.*, No. 19-cv-02701-HSG (AGT), 2020 U.S. Dist. LEXIS 178162, at *4 (N.D. Cal. Sep. 28, 2020) (compelling response to interrogatory seeking invalidity contentions based on 100 prior art references); *Synopsys, Inc. v. Atoptech, Inc.*, 319 F.R.D. 293, 296 (N.D. Cal. 2016) ("[T]he patents-in-suit are sufficiently similar and related such that they could 'properly be the subject of a single inquiry.'") (citations omitted); *see also Phillip M. Adams & Assocs., L.L.C. v. Fujitsu Ltd.*, No. 1:05-CV-64 TS, 2010 U.S. Dist. LEXIS 30207, at *23 (D. Utah Mar. 29, 2010) (finding interrogatory request seeking information for 40 patent claims was not considered 40 subparts). Additionally, Stratos has already answered Interrogatory 12. *See* Ex. 1 at Rog. 12. Stratos did not raise a numerosity objection and did not identify the alleged subparts of Interrogatory 12. *Id.* Thus, Stratos waived any basis to retroactively assert that Interrogatory 12 contains multiple subparts.

Interrogatory 20 is plainly a single interrogatory. *See* Ex. 2 at Rog. 20. The primary question is describing the assignment history of each patent-in-suit. Each of the pieces of information sought is "logically or factually subsumed within and necessarily related to the primary question" because it specifies the type of information Stratos must provide in describing the assignment history. *Synopsys,* 319 F.R.D. at 298. Despite what Stratos claims, the security interest history *is* part of the assignment history because it is part of the same record that is available from the Patent Office. Moreover, even if Interrogatory 20 could be counted as multiple interrogatories, which it should not, that does not excuse Stratos from answering Interrogatories 14-19, which are still within the 30 interrogatory limit.

**StratosAudio's Position**

This motion requires application of the "goose-gander" rule. VCUSA avoided responding to StratosAudio's interrogatories by objecting based on numerosity. The Court upheld VCUSA's objection, making it the law of the case. ECF No. 79. VCUSA now demands that StratosAudio ignore the multiple subparts in VCUSA's own interrogatories. VCUSA cannot have it both ways. As one example, VCUSA's interrogatory No. 12 demanded a chart for each asserted claim, and for "each prior art reference, or combination of prior art references, identified by any person at any time as invalidating (either alone or in combination)," that states "all factual bases" for validity. Even limiting this request to VCUSA's final invalidity contentions (which raised 86 references), and even grouping the seven asserted patents into four families, this includes hundreds of subparts. Contrary to VCUSA's contentions, courts do not automatically treat contention interrogatories on multiple patents and technologies as a single interrogatory. *See Synopsys, Inc. v. Atoptech, Inc.*, 319 F.R.D. 293, 299 (N.D. Cal. 2016) ("Where there are numerous patents-in-suit, courts vary as to how, and even whether, to treat each patent-in-suit as a distinct subject for the purpose of counting interrogatories."). While VCUSA claims the patents cover "similar technology," there were four unrelated families asserted against three different features. Moreover, VCUSA's interrogatory seeks a response for combinations, but its contentions do not disclose combinations. VCUSA's interrogatory asks StratosAudio to predict what combinations VCUSA could make (potentially hundreds).

VCUSA's interrogatory No. 20 addresses patent assignment history, but also has multiple subparts, including the rights conveyed in each assignment; identification of preexisting rights held by others; and identification of security interests held. Such sub-parts count separately if they are separate from the "primary question" in the interrogatory. *See Erfindergemeinschaft UroPep GbR*

*v. Eli Lilly & Co.*, 315 F.R.D. 191, 196 (E.D. Tex. 2016) ("subparts that are logically or factually subsumed within and necessarily related to the primary question"). Here, even assuming seven different patents can be combined, a patent's assignment history is distinct from potential "security interests." *See Adobe Sys. v. Wowza Media Sys.*, No. 11-2243 CW (JSC), 2012 U.S. Dist. LEXIS 103988, at *9 (N.D. Cal. July 25, 2012) ("The Court agrees that this interrogatory seeks information regarding three distinct subject matters."). This request should count as three sub-parts for each patent family, multiplied by the four asserted patent families. *See Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997) ("However, discrete or separate questions should be counted as separate interrogatories, notwithstanding they are joined by a conjunctive word and may be related.").

VCUSA's argument that StratosAudio waived an objection on numerosity is flawed. StratosAudio voluntarily chose to respond to interrogatory No. 12, and by voluntarily responding StratosAudio went well over the 30-interrogatory limit. That does not mean StratosAudio cannot object to answering interrogatories that further exceed that limit. Moreover, StratosAudio did not expect that VCUSA would refuse to answer interrogatories based on numerosity. Once the Court adopted VCUSA's position, StratosAudio simply applied that ruling.

### Resolution

Interrogatory 12: For interrogatories typically answered in expert reports, the Court's usual practice is to allow a party to defer answering the interrogatory until the corresponding expert report is due.[1] Interrogatory 12 seeks content typically included in expert reports. By the due date of expert reports, the parties will have narrowed down their prior art contentions and will have

---

[1] Indeed, the Court's wisdom is justified here. An in-camera review of the answer to interrogatory 12 shows that StratosAudio provided a near-meaningless response that generically lists almost every claim element as not included in the prior art.

likely selected their single, best prior art combination. For purposes of this dispute, Interrogatory 12 counts as a single interrogatory. The Court **OVERRULES** the late numerosity/compound objection to Interrogatory 12.

Interrogatory 20: The Court finds that a narrative detailing the assignment history of each patent-in-suit would typically include the subparts listed in Interrogatory 20. The Court does not count each patent-in-suit separately. Otherwise, plaintiffs would file a separate lawsuit for each patent-in-suit to circumvent discovery limits, and this would lead to a needless multiplication of the Court's docket. The Court **OVERRULES** the numerosity/compound objection to Interrogatory 20.

Conclusion: As a result of these rulings, it is hereby **ORDERED** that Plaintiff's request that StratosAudio be compelled to answer VCUSA's Second Set of Interrogatories is GRANTED. StratosAudio shall answer VCUSA's Second Set of Interrogatories within seven days of this Order.

SIGNED this 28th day of April, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE